
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUTHEE GOLDKORN,<br><br>     Plaintiff-Appellant,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC., a<br>Delaware corporation,<br><br>     Defendant-Appellee. | No. 14-56730<br><br>D.C. No.<br>3:06-cv-02671-BTM-JLB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, Chief Judge, Presiding

Submitted October 20, 2016[**]
Pasadena, California

Before:  TALLMAN, PARKER,[***] and CHRISTEN, Circuit Judges.

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

  [***]  The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Appellant Ruthee Goldkorn appeals the district court's order granting in part and denying in part her motion for attorneys' fees and costs. Her appeal follows a global settlement agreement in fifteen consolidated actions brought under Title III of the Americans with Disabilities Act and California's Unruh Act against Chipotle Mexican Grill, Inc. We have jurisdiction pursuant to 28 U.S.C §§ 1331 and 1367, and we affirm.

We review the district court's award of attorneys' fees and costs for abuse of discretion, *Native Vill. of Venetie IRA Council v. Alaska*, 155 F.3d 1150, 1151 (9th Cir. 1998), and "must affirm unless the district court applied the wrong legal standard or its findings of fact were illogical, implausible, or without support in the record," *Rodriguez v. Disner*, 688 F.3d 645, 653 (9th Cir. 2012).

We are satisfied that the district court did not abuse its discretion. The district court correctly applied the lodestar method to determine a reasonable fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). The court engaged in a detailed and thorough review of the record, fully explaining—in a thirty-two-page ruling—its calculation of the ultimate award. In doing so, the district court both applied the proper legal standard and provided "a concise but clear explanation of its reasons for the fee

2

award." *Hensley*, 461 U.S. at 437.  The record demonstrates that the district court acted well within its authority in setting reasonable attorneys' fees.

Appellee's motion for sanctions under Federal Rule of Appellate Procedure 38 is denied.

Costs awarded to Appellee.

**AFFIRMED.**